IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: | |
| TIMOTHY and PATRICIA VOLPATTI, | Bankruptcy No. 05-40067-MBM |
| Debtors. | |
| Robert Shearer, Trustee of the Estate of Timothy and Patricia Volpatti, | Chapter 7 |
| Plaintiffs, | |
| v. | Adversary No. 06-2421-MBM |
| Marian Volpatti, | |
| Defendant. | |

## MEMORANDUM

**AND NOW,** this **23rd day** of **January, 2007**, upon consideration of (a) the motion by Robert Shearer, the Chapter 7 Trustee in the instant bankruptcy case (hereafter "the Trustee"), for summary judgment in the above-captioned adversary proceeding, and (b) the Trustee's underlying adversary complaint, wherein the Trustee seeks to avoid as preferential a transfer of $25,000 from Timothy and Patricia Volpatti (hereafter "the Debtors") to Marian Volpatti (hereafter "the Defendant");

and after notice and a hearing on the Trustee's summary judgment motion held on January 17, 2007;

it is **hereby determined that the Court shall issue an order that GRANTS** the Trustee's summary judgment motion. The rationale for the Court's decision is briefly set forth below.

**I.**

The Debtors filed their voluntary Chapter 7 bankruptcy petition on October 15, 2005. The parties agree that (a) on September 7, 2005, the Debtors wrote out, and then delivered to the Defendant, a check made payable to the Defendant for $25,000, and (b) such check was ultimately honored by the Debtors' drawee bank. The parties also agree that the Debtors had previously obtained the $25,000 so conveyed by way of a check by drawing down on a line of credit that had been extended to them by their mortgage lender (hereafter "the Mortgage Lender"). The Defendant takes the position, the Trustee does not appear to dispute, and thus the Court shall also find to be undisputed, that the Debtors owed the Defendant at least $25,000 prior to her receiving the aforesaid $25,000 check from the Debtors, and that such check was given to the Defendant so as to satisfy $25,000 of such antecedent debt owed by the Debtors. Finally, the parties do not dispute that (a) the Debtors were insolvent on and about September 7, 2005, (b) the Defendant's aforesaid antecedent claim against the Debtors was, as of September 7, 2005, a wholly unsecured claim, and (c) the Debtors' unsecured creditors will not be paid 100 percent of their claims by way of a Chapter 7 distribution.

**II.**

At the outset, the Court rules that the foregoing undisputed facts establish, as a matter of law, that the September 7, 2005 transaction between the Debtors and the Defendant constitutes an avoidable preferential transfer.

The only preference element under 11 U.S.C. § 547(b) that the Court even understands the Defendant to dispute as having been so established is whether the $25,000 conveyed to the Defendant by way of check actually constituted, immediately prior to her receipt of the same, "an interest of the [D]ebtor[s] in property." In particular, the Court understands the Defendant to frame the issue as whether such $25,000 was then actually property of the Debtors or whether, instead, it was, as the Defendant apparently argues, then property of the Mortgage Lender. By arguing, as the Defendant apparently does, that such $25,000 constituted, immediately prior to her receipt of the same, property of the Mortgage Lender, the Defendant necessarily must also argue, in turn, that, when the Debtors drew down on their line of credit with the Mortgage Lender the funds so accessed never became property of the Debtors, instead instantly becoming property of the Defendant.

The Court rules, as a matter of law, that such $25,000 constituted property of the Debtors immediately prior to its receipt by the Defendant because the Court rules, in turn, that the Debtors, prior to transferring such cash to the Defendant, obtained ownership in the same from the Mortgage Lender via a draw-down on their line of credit with such lender. Put differently, the Court rejects, as a matter of law, any notion by the Defendant that the Debtors never obtained an intervening ownership in such $25,000 subsequent to their draw-down on their line of credit and prior to the receipt of such cash by the Defendant. Indeed, to accept such notion would fly in the face of the undisputed fact that the Debtors drew a $25,000 check payable to the Defendant, which

3

check was indisputably then honored by the Debtors' drawee bank; of course, if the Debtors never possessed ownership in such $25,000 prior to the honor of such check by the Debtors' drawee bank, then such bank would never have honored such check. As well, if, as the Defendant must argue, she instantly obtained ownership in the funds accessed by way of the Debtors' draw-down on their line of credit, then there would have been no need for the Debtors to even draw a check payable to her in the first instance.

    The Defendant supports her position regarding draw-downs on lines of credit by attempting to align the same with cases that deal with two other discrete situations, namely draw-downs on letters of credit and direct payments by use of a credit card. Such attempted alignment by the Defendant is understandable given that, with respect to both of the latter situations, it has been held – and apparently uniformly – by courts that the party receiving payment/property receives not property of such party's debtor but rather, in the case of a letter of credit draw-down, property of the bank that issues the letter of credit, and, in the case of a direct payment by use of a credit card, property of the credit card institution. Unfortunately for the Defendant, those cases that involve either letter of credit draw-downs or direct credit card payments are simply, and wholly, distinguishable from a case involving a draw-down on a line of credit given that, as the Court holds with respect to line of credit draw-downs, ownership over the drawn-down (i.e., borrowed) funds first rests in a creditor's debtor subsequent to such draw-down, after which such ownership is conveyed to such creditor by such debtor.

4

Therefore, the Debtors' September 7, 2005 conveyance of the $25,000 in question to the Defendant constitutes, as a matter of law, an avoidable preferential transfer.

### III.

The Court also rejects quickly the argument by the Defendant that the Trustee may not avoid as preferential the Debtors' conveyance of the $25,000 in question to the Defendant because, argues the Defendant, the Debtors could have exempted such $25,000 had it not been transferred pre-petition.

The Court accepts the Defendant's position that, absent such transfer, the Debtors could have exempted the $25,000 as entireties property via the exemptions that the Debtors have taken as set forth in their most recently amended Bankruptcy Schedule C. However, the Court rejects the position that such fact precludes avoidance of the transfer in question; indeed, § 547 says nothing about the exemptability of property that is the subject of a preference action, which leads the Court to conclude that such exemptability is irrelevant to the success of a preference action.

Instead, what the Defendant really means to formally argue is that, even if the Trustee can avoid such transfer, the Debtors could nevertheless exempt such recovered $25,000 via 11 U.S.C. § 522(g) (and so why permit the Trustee to avoid such transfer in the first place even if all of the elements of § 547(b) are met?). Unfortunately for the Defendant, she concedes, as she must, that the Debtors voluntarily transferred the $25,000 to her pre-petition, which undisputed fact is fatal to her cause given that, pursuant to 11 U.S.C. § 522(g)(1)(A),

5

property recovered by a bankruptcy trustee via a transfer avoidance action may not then be exempted by a debtor via § 522(g) if such avoided transfer was voluntary in nature.

Therefore, that the Debtors could have exempted the $25,000 in question had it not been transferred pre-petition operates neither to defeat the Trustee's preference action nor, ultimately, to dictate the result that the Debtors can now exempt such $25,000.

### IV.

For all of the foregoing reasons, the Trustee (a) prevails, at the summary judgment stage, on his preference action against the Defendant, and (b) is accordingly entitled to recover $25,000 from the Defendant via 11 U.S.C. § 550(a)(1). Therefore, the Court shall enter an appropriate order that grants the Trustee's summary judgment motion.

**BY THE COURT**

 /s/
**M. BRUCE McCULLOUGH,
U.S. Bankruptcy Judge**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: : | |
| : | |
| **TIMOTHY and PATRICIA VOLPATTI,** : | **Bankruptcy No. 05-40067-MBM** |
| : | |
| Debtors. : | |
| .................................................: | ..............................................................................|
| **Robert Shearer, Trustee of the Estate** : | |
| **of Timothy and Patricia Volpatti,** : | **Chapter 7** |
| Plaintiffs, : | |
| : | |
| v. : | **Adversary No. 06-2421-MBM** |
| : | |
| **Marian Volpatti,** : | |
| Defendant. : | |

## ORDER OF COURT

**AND NOW,** this **23rd day** of **January, 2007**, for the reasons set forth in the accompanying Memorandum of the same date, it is **hereby ORDERED, ADJUDGED, AND DECREED** that the motion by Robert Shearer, the Chapter 7 Trustee in the instant bankruptcy case, for summary judgment in the above-captioned adversary proceeding is **GRANTED**.

BY THE COURT

 /s/
**M. BRUCE McCULLOUGH,**
**U.S. Bankruptcy Judge**

cm:   Mary Bower Sheats
429 Forbes Avenue, Ste. 1310
Pittsburgh, PA 15222

Owen W. Katz
P. O. Box 7826
Pittsburgh, PA 15219